```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| DEBORAH L. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:06-139-JMH |
| | ) |
| V. | ) |
| | ) |
| CHRISTIAN NASH, et al. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |
| | ) |

                    **   **   **   **   **

This matter is before the Court on Defendant John J. Brady's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Record No. 21]. The motion has been fully briefed and is ripe for review.

**I.   BACKGROUND**

Plaintiff Deborah L. Robinson filed this suit in connection with the removal of approximately 36 dogs and 2 cats from her leased home. The facts as alleged in her complaint are as follows.

The plaintiff raised numerous dogs and cats at her leased home. In early May 2005, Defendants Robert Mattingly, Floyd Campbell and Jim Shaw, all Bourbon County law enforcement officers, received a "tip" from an individual regarding the conditions of the plaintiff's residence. On May 9, 2005, several of the defendants received another anonymous tip, through Carolyn Huffman of the Lexington Humane Society, that unsanitary conditions existed at the plaintiff's residence.

On June 15, 2005, Defendants Christian Nash and Cynthia Criswell,[1] accompanied by Officers Mattingly and Campbell, trespassed upon the plaintiff's residence and conducted an unlawful warrantless search and seizure of the plaintiff's property and person. During the search, Nash, Criswell, Mattingly, and Campbell allegedly violated the plaintiff's constitutional rights by: (i) trespassing upon the plaintiff's premises without a search warrant; (ii) wrongfully coercing the plaintiff to sign "Owner Surrender Forms" under threat of unlawful arrest and prosecution for multiple counts of animal cruelty; and (iii) wrongfully seizing and converting over twenty dogs.

On or about June 16, 2005, Defendants Mattingly and Campbell arrested the plaintiff for multiple misdemeanor cruelty to animal charges.  Defendant Brady, the Bourbon County prosecutor, prosecuted the plaintiff from June through August, 2005.  Some time in August, after numerous court appearances, Brady dismissed the charges, indicating to the Court that there were Fourth Amendment issues which dictated that he not proceed with a suppression hearing.

In her complaint, Plaintiff alleged violations of 42 U.S.C. § 1983, constitutional torts under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as

---

[1] Nash and Criswell are officers of Defendant Paris Animal Welfare Society ("PAWS"), an entity that purports to rescue animals from unsatisfactory conditions.

the Kentucky common law torts of conversion, false arrest, and malicious prosecution. Plaintiff sued Defendant Brady in both his individual capacity and in his official capacity as the Bourbon County Attorney. Brady now seeks dismissal of these claims under the doctrines of absolute prosecutorial immunity and qualified immunity.

## II. STANDARD OF REVIEW

Dismissal of a case for failure to state a claim under Federal Rule of Procedure 12(b)(6) "is not proper 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Fidel v. Farley*, 392 F.3d 220, 226 (6th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A district court analyzing a 12(b)(6) motion must accept as true the "facts set forth in the complaint . . . so long as they are well pleaded." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 671 (6th Cir. 2003). "While the standard for dismissal of a claim is 'quite liberal,' 'more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.'" *Fidel*, 392 F.3d at 226 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## III. ANALYSIS

*A. Brady is immune from Counts III and IV under the doctrine of absolute prosecutorial immunity.*

3

Prosecutors enjoy the same immunity under Section 1983 that they enjoy at common law. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Under both Kentucky and federal law, "so long as a prosecutor acts within the scope of the duties imposed by law, quasi-judicial immunity is available, but otherwise it is not." *McCollum v. Garrett*, 880 S.W.2d 530, 534 (Ky. 1994); *see also Holloway v. Brush*, 220 F.3d 767, 774 (6th Cir. 2000).

In determining whether absolute immunity applies, courts look to "the nature of the function performed, not the identity of the actor who perform[s] it." *Burns v. Reed*, 500 U.S. 478, 486 (1991). Prosecutors are entitled to absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. The key test is whether the prosecutor's "challenged acts were performed while serving as an advocate in legal proceedings." *Holloway*, 220 F.3d at 775 (citing *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997)).

Under the above standard, Brady is clearly immune from the plaintiff's malicious prosecution claim (Count IV). Brady is also immune from the false arrest claim (Count III). The "decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer" is also protected by absolute immunity. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir.), *cert. denied*, 522 U.S. 996 (1997).

Prosecutors are not absolutely immune when they "perform administrative, investigative, or other functions." *Holloway*, 220 F.3d at 774. This includes giving legal advice to police officers. *Burns*, 500 U.S. at 496. In such instances, where prosecutors have not "carried their burden of establishing that they were functioning as 'advocates,'" they are protected only by qualified immunity. *Buckley v. Fitzimmons*, 509 U.S. 259, 274 (1993).

*B.  Plaintiff's complaint lacks sufficient specificity to connect Brady to Counts I and II.*

Although the conduct alleged in Counts I and II involve investigative activity and would therefore be protected only by qualified immunity, the plaintiff has not alleged sufficient facts to connect Brady to these counts. The plaintiff's complaint only contains one specific factual allegation regarding Brady - that he may have received the anonymous tip on May 9, 2005.

In Count I, the plaintiff makes the conclusory assertion that Brady "took specific actions" intended to deprive her of her animals and which violated her constitutional rights. Without more, this is not enough to state a claim.

In Count II, the plaintiff makes another conclusory statement, that Brady, acting individually and in concert with the investigating officers, unlawfully coerced the plaintiff to sign owner surrender forms and wrongfully took possession of over twenty dogs. According to the statement of facts, however, Brady was not present at the search, and the plaintiff does not mention how Brady

5

was otherwise involved in any of these actions.  As with Count I, this is not enough to state a claim.

**IV.  CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1)  That Defendant John J. Brady's motion to dismiss [Record No. 21] be, and the same hereby is, **GRANTED.**

(2)  That all claims against Defendant John J. Brady be, and the same hereby are, **DISMISSED WITH PREJUDICE.**

This, the 20th day of February, 2007.



Signed By:

*Joseph M. Hood*
United States District Judge